**The below described is SIGNED.**

**Dated: March 28, 2006**

_____
**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Number:  06-20366 |
|---|---|
| MERLE WAYNE EASTHOPE, JR., | Chapter 13 |
| Debtor. | |

**MEMORANDUM DECISION DETERMINING
THE MEANING OF "PENDING" AS FOUND IN 11 U.S.C. § 362(c)**

The determination of when a case is "pending," as the word is used in 11 U.S.C. § 362(c),[1] will decide whether the debtor's prior bankruptcy filings resulted in the automatic stay terminating within 30 days of the filing of this case or whether the stay never went into effect at all.  Considering the plain meaning of the term and factoring in various policy considerations, the Court concludes that a case is no longer pending once it has been dismissed, even though the case may have not been closed.  Therefore, the Court finds that the debtor only had one case pending within a year of the filing of this case and will not execute an order sought under § 362(c)(4)(A)(ii).

---

[1] Future statutory references are to title 11 of the United States Code unless otherwise noted.

## I. BACKGROUND

The following facts are undisputed. Merle Wayne Easthope, Jr. (Easthope) and his wife Ellen Easthope (together the Easthopes) filed a joint Chapter 13 petition to stop a foreclosure sale scheduled by First National Bank of The Mid-Cities (FNBMC). They were unable to make the plan payments and their case was dismissed on February 1, 2005. The Chapter 13 Trustee filed a final report some six months later and the case was eventually closed on October 3, 2005. After the date the dismissal order was entered but before the case was closed, FNBMC apparently rescheduled the foreclosure sale. The Easthopes filed another joint Chapter 13 petition on April 5, 2005 to stop the sale scheduled two days later. Again, the Easthopes were unable to make the plan payments and the case was dismissed on November 28, 2005. The Chapter 13 Trustee filed a final report two months later, and this second case was closed on February 21, 2006.

Easthope individually commenced the present case by filing a Chapter 13 petition on February 14, 2006 — again to stop a foreclosure sale scheduled that same day, and after the second case was dismissed but prior to its closure. Shortly thereafter, Easthope moved for an extension of the automatic stay beyond the 30-day period provided for in § 362(c)(3)(A) (Extension Motion). FNBMC then moved for an order under §§ 362(c)(4)(A)(ii) and (j)[2] (Section 362(c)(4)(A)(ii) Order) confirming that no automatic stay was in effect and also objected to Easthope's Extension Motion, arguing that Easthope had not overcome the presumption that his case was not filed in good faith.

---

[2] Section 362(j) only operates to confirm that a stay has terminated. In a case where no stay went into effect, which was the argument FNBMC made with respect to Easthope's present case, a party should move for an order under only § 362(c)(4)(A)(ii).

2

A hearing was scheduled on the Extension Motion and Section 362(c)(4)(A)(ii) Order Motion and the issue of whether Easthope had two cases pending within a year of the date he filed his present case. FNBMC argued that a case is still "pending" for § 362(c) purposes until the case has been closed and, therefore, Easthope had two bankruptcy cases pending within the preceding year and no automatic stay was in effect under § 362(c)(4). In an oral ruling, the Court concluded that a case is no longer "pending" once it has been dismissed.[3] At the request of the parties, that ruling is now reduced to writing.

## II. DISCUSSION

Easthope's present case was filed after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). Among the many changes to the Bankruptcy Code, the BAPCPA added subsections (3) and (4) to § 362(c). Section 362(c)(3) applies to certain debtors who have had a case that was "pending within the preceding 1-year period but was dismissed." Section 362(c)(3)(A) states that for these debtors, the automatic stay is terminated on the 30th day after the filing of the petition unless the court grants an extension beyond the 30-day period. The court may grant such a motion "only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."[4] Section 362(c)(3)(C)(i)(I) further declares that "for purposes of subparagraph (B), a case is presumptively filed not in good faith . . . as to all creditors, if . . . more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period."

---

[3] Since the hearing, Easthope and FNBMC have entered into an Amended Agreed Order in which the parties stipulated that the automatic stay shall remain in effect with certain exceptions, rendering the Extension Motion moot.

[4] Section 362(c)(3)(B).

Section 362(c)(4)(A)(i), on the other hand, states that "if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, . . . the stay under subsection (a) shall not go into effect upon the filing of the later case." Section 362(c)(4)(B), however, provides that "if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors." Debtors must demonstrate that their later case was filed "in good faith as to the creditors to be stayed" when seeking a stay under § 362(c)(4)(B). Again, the debtors face a presumption that their current case was not filed in good faith if they had "2 or more previous cases . . . pending within the 1-year period."[5]

To summarize, for debtors who had one case pending in the previous year, § 362(c)(3) applies and the automatic stay goes into effect for at least 30 days upon the filing of the their petition. For those debtors with two or more cases pending in the previous year, § 362(c)(4) applies and there is no automatic stay in effect upon the filing of their petition.

### A.   THE PLAIN MEANING OF "PENDING"

The fact that § 362(c)(3) provides for an automatic stay (albeit a limited one) upon the filing of the debtor's case, while § 362(c)(4) does not, demonstrates the importance of the word "pending" — a term not defined in the Bankruptcy Code. Black's Law Dictionary defines "pending" as "[r]emaining undecided; awaiting decision."[6] The American Heritage College Dictionary similarly defines pending as "[n]ot yet decided or settled."[7] These definitions indicate that a case is pending only so long as there remains something left to decide. Once a

---

[5]   Section 362(c)(4)(D)(i)(I).

[6]   BLACK'S LAW DICTIONARY 1169 (8th ed. 2004).

[7]   THE AM. HERITAGE COLLEGE DICTIONARY 1029 (4th ed. 2002).

4

case has been dismissed, however, there is nothing left to decide or settle, and all that remains is for the case to be closed. The closing of a case is a purely administrative function and requires no substantive decision-making. It is dependent upon the filing of the Chapter 13 Trustee's final report and upon eventual processing in the Clerk's office — not upon a judicial determination. Therefore, the plain meaning of the word "pending" demonstrates that a case is no longer pending once the Court has dismissed it.

### B. POLICY CONSIDERATIONS

To state that a case is "pending" until it has been closed would create an unfair disadvantage for debtors. Debtors have no control over the administrative functions that are carried out when closing a case.[8] These are actions performed by the Clerk's office after the filing of the Chapter 13 trustee's final report and often occur many months after a case has been dismissed. To hold that a case remains pending until the Clerk's office can close it would expose debtors to certain risks — like the lack of an automatic stay under § 362(c)(4) — without an ability to control their situation. The same is true for creditors, for they also have no control over when a case is closed. If the case remained "pending" long after dismissal, the finality provided by § 362(c)(2)(B) may be called into question.[9] Therefore, as the Eastern District of North Carolina has explained, it is "reasonable to conclude from a policy standpoint that a case is no longer 'pending' once it has been dismissed."[10]

---

[8] It is also interesting to note that both the second and third cases were filed after the dismissal orders were entered, but before the cases were closed. The Easthopes relied upon the date of the order of dismissal as the operative date.

[9] FNBMC also apparently relied upon the dismissal order as the operative date in both the first and second cases because, prior to the closure of each of the cases, it renoticed its foreclosure sale.

[10] *In re Moore*, 337 B.R. 79, 81 (Bankr. E.D.N.C. 2005).

## III.  CONCLUSION

The plain meaning of the word "pending" as well as policy considerations demonstrate that a case is no longer pending once it has been dismissed.  Easthope's case filed in 2004 was dismissed on February 1, 2005, meaning it was not pending during the one-year period preceding the filing of Easthope's current case.  Only one case, the case commenced on April 5, 2005, was pending during the one-year period preceding the filing of the present case.  Therefore, § 362(c)(3) and not § 362(c)(4) applies, and an automatic stay went into effect for a period of 30 days upon the filing of Easthope's current case.  As a result, the order sought by FNBMC under §§ 362(c)(4)(A)(ii) and (j) confirming that no automatic stay was in effect is denied.

----------------------------------------END OF DOCUMENT----------------------------------------

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION DETERMINING THE MEANING OF "PENDING" AS FOUND IN 11 U.S.C. § 362(c)** shall be served by the Bankruptcy Noticing Center to each party listed below.

Merle W. Easthope, Jr.
3068 West Lemay Avenue
Salt Lake City, UT 84119
    Debtor

Jeremy Eveland
9217 South 1300 East
Sandy, UT 84094
    Attorney for Merle W. Easthope, Jr.

J. Vincent Cameron
47 West 200 South, Suite 600
Salt Lake City, UT 84101
    Chapter 13 Trustee of Merle W. Easthope, Jr.

Mark S. Middlemas
CASTLE MEINHOLD & STAWIARSKI
102 West 500 South, Suite 300
Salt Lake City, UT 84101
    Attorney for First National Bank of The Mid-Cities

Office of the United States Trustee
Boston Building, Suite 100
9 Exchange Place
Salt Lake City, UT 84111-2147